UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE KASIDONIS,
Plaintiff,

Case No. 1:15-cv-285
Barrett, J.
Litkovitz, M.J.

vs.

STATE AUTO INSURANCE AGENCY,
Defendant.

**ORDER**

This matter is before the Court on defendant State Auto Insurance Agency's Motion to Set Aside Entry of Default by Clerk (Doc. 12), plaintiff's response (Doc. 20), and defendant's reply in support of the motion (Doc. 23).

Plaintiff Catherine Kasidonis, an Ohio resident, filed her pro se complaint in this action against defendant State Auto Insurance Agency ("State Auto") on May 7, 2015. (Doc. 3). Summons was issued to defendant that same date. (Doc. 4). Defendant was served on May 15, 2015, and summons was returned executed on May 20, 2015. (Doc. 6). Defendant failed to timely file an answer or other responsive pleading. Plaintiff thereafter filed an application with the Clerk for entry of default against defendant on July 9, 2015. (Doc. 7). The Clerk entered State Auto's default on July 10, 2015. (Doc. 8). The Court issued an Order on October 13, 2015, requiring plaintiff to either file a motion for default judgment or show cause why this action should not be dismissed for lack of prosecution. (Doc. 9). Plaintiff moved for default judgment on November 3, 2015. (Doc. 10).

Defendant State Auto subsequently filed a motion to dismiss the complaint for lack of jurisdiction (Doc. 11) and a motion to vacate the Clerk's entry of default (Doc. 12) on November

24, 2015.[1] Defendant alleges there is "good cause" for setting aside the entry of default under Fed. R. Civ. P. 55(c). Defendant alleges that plaintiff has not been prejudiced by its delay in filing an answer; defendant has a meritorious defense; and defendant's failure to timely file an answer was not willful and was instead the result of excusable neglect. (Doc. 12). In response, plaintiff requests that the Court grant defendant's motion to set aside the entry of default. (Doc. 20). Plaintiff notes that defendant received the original complaint as shown by the attachments to her motion. (*Id.* at 1; Exhs. A, B). However, plaintiff acknowledges that defendant may not have been served with her application for entry of default because she listed the incorrect address on the certificate of service. (*Id.*, Exh. C). Plaintiff indicates that the entry of default should be vacated in light of the lack of notice to defendant.

Pursuant to Rule 55(a), if a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A court may vacate an entry of default for "good cause." Fed. R. Civ. P. 55(c). The court examines three factors to determine whether good cause exists for setting aside an entry of default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-839 (6th Cir. 2011). These are: (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice plaintiff, and (3) whether the alleged defense is meritorious. *Id.* (citing *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983)). Any doubt should be resolved in favor of setting aside the entry of default so that cases can be decided on the merits. *United Coin Meter*, 705 F.3d at 846.

The Court will grant defendant State Auto's motion to set aside the entry of default. First and foremost, plaintiff does not oppose the motion. Second, defendant has shown "good cause" for setting aside the entry of default. *See* Fed. R. Civ. P. 55(c). There is no indication that

---

[1] This Order addresses only the motion to set aside the entry of default.

defendant's failure to timely respond to the complaint was willful. Defendant concedes that it was served with the complaint before default was entered against it. (Doc. 12 at 5). However, defendant has explained that the complaint was never internally forwarded to its Claims and Litigation Department "due to either system error or accidental human error." (Doc. 15-1, Affidavit of Marc Lovrak, State Auto Corporate Property Claims Manager). Further, plaintiff does not allege that setting aside the entry of default will prejudice her case. Nor is there any indication in the record that any prejudice will result. Finally, defendant has raised meritorious defenses involving principals of res judicata, statute of limitations, and insurance coverage and policy issues. *See Dassault Systemes, SA*, 663 F.3d at 843 (citing *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (under Rule 55(c), a defense is "meritorious" if it is "good at law," which depends upon whether there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default")).

For these reasons, defendant's motion to set aside the entry of default (Doc. 12) is well-taken and is **GRANTED**. The entry of default (Doc. 8) is **VACATED**.

**IT IS SO ORDERED.**

Date: 3/9/16

Karen L. Litkovitz
United States Magistrate Judge