UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE POULOS KASIDONIS,
Plaintiff,

vs.

STATE AUTO INSURANCE AGENCY,
Defendant.

Case No. 1:15-cv-285
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This matter is before the Court on defendant State Auto Insurance Agency's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Doc. 11), plaintiff's response in opposition to defendant's motion (Doc. 21), and defendant's reply in support of the motion (Doc. 22). This matter is also before the Court on defendant's motion to strike plaintiff's response to its reply in support of the motion to dismiss (Doc. 25) and plaintiff's motion to file a memorandum in response to defendant's reply and plaintiff's proposed memorandum (Doc. 26).

**I. Factual and procedural background**

Plaintiff Catherine Poulos Kasidonis, an Ohio resident, filed her pro se complaint in this action against defendant State Auto Insurance Agency ("State Auto") on May 7, 2015. (Doc. 3). Plaintiff brings this action in her capacity as Executrix of the Estate of William Peter Basileios Theofano Poulos.[1] Plaintiff indicates in the complaint that subject matter jurisdiction is premised on 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331. (*Id*. at 2).

---

[1] Although Catherine Poulos Kasadonis is the only plaintiff in this case, she repeatedly references "plaintiffs" in the complaint. Plaintiff is apparently referring to her parents, William Poulos and Georgia Poulos, when she speaks of multiple plaintiffs.

Plaintiff makes the following allegations in the complaint: Prior to their deaths, William and Georgia Poulos (hereafter, "the Pouloses") filed a Chapter 13 bankruptcy proceeding, Case No. 94-14607, on December 12, 1994. (*Id*. at 4-5). In 1997, while the bankruptcy case was still pending, a fire loss occurred at a property owned by the Pouloses located at 6900 Cheviot Road, Cincinnati, Ohio 45247. (*Id*.). The property was a source of income for the Pouloses. (*Id*.). A tenant, Rick Wellinghoff, had signed a lease for the property in early October of 1997. (*Id*.). The lease term was to begin on November 1, 1997. (*Id*.).

The Pouloses filed an Adversary Proceeding in November 1998 in connection with the Chapter 13 reorganization, seeking damages for their fire losses under a property insurance policy issued by State Auto. *William Poulos and Georgia Poulos v. State Auto Insurance Company, Richard Wellinghoff and Sycamore National Bank*, No. 98-1235.[2] (*Id*. at 3, 5; *see also* Doc. 10-1, Exh. 8). In that proceeding, the Pouloses' insurance agent gave deposition testimony that he had placed the Pouloses' business property insurance policy with State Auto and that their mortgage company, Sycamore National Bank, which paid the insurance premiums annually, paid the annual premium in March of 1997. (*Id*. at 5). The agent further testified that the Pouloses' tenant, Wellinghoff, also had a policy with defendant State Auto that was issued on October 30, 1997, which was 13 days after the fire on October 17, 1997, and which was to take effect on November 1, 1997. (*Id*. at 5, 6). The agent testified that Wellinghoff never made payments on the policy, and the policy was cancelled on March 8, 1998. (*Id*. at 5). The agent stated that defendant State Auto paid Wellinghoff $2,500.00 on November 12, 1997, for his losses in connection with the fire with a check that referenced the Pouloses' policy. (*Id*. at 6, 9).

---

[2] Plaintiff has identified a number of lawsuits she and the Pouloses pursued. The Court has taken judicial notice of the filings in these cases and of additional lawsuits filed by William Poulos and by plaintiff in this Court. *See W. & S. Life Ins. Co. v. JPMorgan Chase Bank, N.A.*, 54 F. Supp.3d 888, 903 (S.D. Ohio 2014) ("The Court . . . can take notice of the prior lawsuits, the dates such suits were filed, and the existence of the allegations made in the filings in such suits.").

Defendant State Auto did not pay the Pouloses for real and personal property damage and business interruption coverage in connection with their fire losses. (*Id*. at 10).

The Pouloses completed their reorganization plan and were discharged from bankruptcy on December 21, 1998. (*Id*. at 6). Thereafter, the Pouloses and plaintiff as Executrix for the Estate of William Poulos instituted the following lawsuits in state and federal court in connection with the denial of insurance coverage to the Pouloses' for their claimed fire losses:

- Hamilton County Court of Common Pleas, Case No. A9906160: On October 14, 1999, the Pouloses filed a claim seeking to recover for their fire losses under their State Auto insurance policy. (Doc. 11-1). The trial judge dismissed the complaint with prejudice on March 29, 2001, based on the Pouloses' failure to respond to discovery requests. (*See* Doc. 11-2). On March 7, 2002, the trial court denied a motion for relief from judgment filed by the Pouloses on October 5, 2001 (*Id*.). The Court of Appeals affirmed the trial court's decision on June 6, 2003. (*See* Doc. 11-7). The Pouloses pursued an appeal to the Ohio Supreme Court, which declined jurisdiction to hear the case in October 2003. (Doc. 11-4). On August 7, 2003, the trial court denied a motion for relief from judgment the Pouloses had filed on July 28, 2003, seeking relief on the ground the Assignment Commissioner had omitted their attorney's name from the "mailing list." (Doc. 11-5). The Pouloses filed another motion for relief from judgment on April 6, 2004, which the trial judge overruled on April 20, 2004. (Doc. 11-7). The state Court of Appeals granted the defendants' motions to dismiss the appeal on July 7, 2004 (Doc. 11-8), and the Ohio Supreme Court denied the Pouloses' motion for reconsideration in December 2004. (Doc 11-9).

- Bankruptcy Adversary Complaint, No. 98-1235: The Pouloses filed this adversary proceeding on September 9, 1998, in the Chapter 13 bankruptcy case against defendants State Auto, Wellinghoff, and Sycamore National Bank. (Doc. 10-1, Exhs. 8, 9).

- *Poulos v. State Auto Ins. Co.*, Case No. 1:00-cv-370 (S.D. Ohio, Spiegel, J.): The bankruptcy judge determined that the matter filed in the bankruptcy case was a non-core proceeding because it did not invoke a substantive right created by the federal laws and the debtors' claims could exist outside of bankruptcy. The bankruptcy judge therefore referred the matter to the District Court on May 5, 2000, for a ruling on whether abstention was appropriate. The District Judge dismissed the case without prejudice on October 20, 2000. (Case No. 1:00-cv-370, Docs. 1, 4; Doc. 3 at 10).

- *Poulos v. Hamilton County Common Pleas Court, et al.*, Case No. 1:03-cv-932 (S.D. Ohio, Dlott, J.): William Poulos filed this lawsuit against the Hamilton

3

County Common Pleas Court, Hamilton County Clerk of Courts, and Hamilton County, Ohio, in December 2003. He alleged that defendants violated his due process rights in connection with the dismissal of the state court breach of contract case because the trial court failed to notify the plaintiffs or plaintiffs' counsel of any proceedings in the case. The case was dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine by Order dated April 20, 2004. (Case No. 1:03-cv-932, Docs. 18, 19; Doc. 11, Exh. F).

- *Poulos v. Hamilton County Common Pleas Court, et al.*, Case No. 1:05-cv-333 (S.D. Ohio, Dlott, J.): William Poulos filed this lawsuit in May 2005 against "Hamilton County, John Doe," James Cissell, Gregory Hartman, Hamilton County Court of Common Pleas, and Hamilton County Board of County Commissioners. He alleged that he was denied due process and equal access to the courts in connection with the dismissal of state court case No. A9906160 because the attorney's name was not entered into the Assignment Commissioner's computer and no notice was given to the attorney of record. The case was dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine by Order dated March 1, 2006. (Case No. 1:05-cv-333, Docs. 10, 16).

- *Kasidonis v. Hamilton County, et al.*, Case No. 1:08-cv-084 (S.D. Ohio, Dlott, J.): Catherine Kasidonis, as Executrix for the Estate of William Poulos, filed this lawsuit on February 5, 2008, under the Americans with Disabilities Act (ADA) against defendants Hamilton County, Hamilton County Clerk of Courts, Hamilton County Court of Common Pleas, and Hamilton County Board of County Commissioners. She alleged that decedent William Poulos was denied due process and equal protection as a result of dismissal of the state court breach of contract action without notice due to omission of the attorney's name from the notice list. She further alleged that dismissal of the state court action was discriminatory because it constituted selective enforcement of the law against the decedent, a disabled veteran of World War II. The District Court dismissed the case as barred by both res judicata and the *Rooker-Feldman* doctrine. (Case No. 1:08-cv-084, Docs. 13, 19).

Defendant State Auto filed its motion to dismiss the complaint in this action on November 24, 2015. (Doc. 11).[3] Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the ground federal subject matter jurisdiction over plaintiff's complaint is lacking under the *Rooker-Feldman* doctrine, which holds that lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). Defendant alleges that

---

[3] On that same date, defendant filed a motion to vacate entry of default (Doc. 12), which the Clerk had entered on July 10, 2015 (Doc. 8). The undersigned granted the motion by Order dated March 9, 2016. (Doc. 28).

plaintiff is seeking to reverse decisions issued by the Hamilton County, Ohio courts. Assuming, *arguendo*, that subject matter jurisdiction is not lacking under the *Rooker-Feldman* doctrine, defendant contends that this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

In response, plaintiff asserts that State Auto was a party to the Adversary Proceeding which the Bankruptcy Court transferred to the District Court.[4] (Doc. 21 at 2). Plaintiff then re-alleges facts asserted in the complaint related to the Pouloses' fire loss and the denial of insurance coverage for their losses. (*Id*. at 2-3). Plaintiff alleges that in the Adversary Proceeding, the Pouloses' tenant Wellinghoff denied that an insurance policy was issued to him for coverage on the subject property. (*Id*. at 2, citing Doc. 10-12). She alleges that State Auto discriminated against the Pouloses, who were in their 70s and 80s and had disabilities, by not covering them for the fire loss and instead issuing payment to their tenant, Wellinghoff. (*Id*. at 3). Plaintiff further states that the Pouloses' fire and property losses occurred during the bankruptcy proceedings. (*Id*. at 4).

In reply, defendant contends that plaintiff has not raised any arguments in opposition to application of the *Rooker-Feldman* doctrine. (Doc. 22). Defendant further alleges that plaintiff has not asserted a cause of action for deprivation of a right created by a federal statute nor shown that State Auto was acting under color of state law so as to establish jurisdiction under 28 U.S.C. § 1331 or § 1343(a)(3).

---

[4] Plaintiff acknowledges that William Poulos also filed two prior lawsuits in federal court against Hamilton County "for lack of due process and discrimination" to which State Auto was not a party: *Poulos v. Hamilton County Common Pleas Court*, Case No. 1:03-cv-932 (S.D. Ohio) (Doc. 11, Exh. F) and *Poulos v. Hamilton County Common Pleas Court*, Case No. 1:05-cv-333 (S.D. Ohio) (Doc. 11, Exh. J). (Doc. 21 at 1).

5

## II. Defendant's motion to strike plaintiff's sur-reply

Defendant moves the Court to strike plaintiff's response, or sur-reply, to defendant's reply in support of the motion to dismiss. (Doc. 25). Defendant contends that plaintiff's response (Doc. 24) should be stricken pursuant to Fed. R. Civ. P. 12(f) because it is repetitive and redundant. Defendant further argues that the Court should strike the sur-reply from the record because plaintiff filed it without first obtaining leave of court as required under S.D. Ohio Civ. R. 7.2. Plaintiff has filed a motion seeking leave of court to file a memorandum in response to defendant's reply and a proposed memorandum (Doc. 26), which defendant opposes. (Doc. 27).

Plaintiff's motion for leave to file a sur-reply is not well-taken. Plaintiff did not obtain leave of Court to file the sur-reply as required under Local Rule 7.2, which authorizes the filing of memoranda beyond an opposing memorandum and a reply memorandum in connection with a motion only "upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2. Plaintiff has not shown "good cause" for filing a sur-reply. Defendant did not raise any new matters in its reply memorandum to which plaintiff has not had an opportunity to respond. Further, the sur-reply memorandum plaintiff has submitted simply repeats factual allegations related to the denial of insurance coverage for the Pouloses' fire losses and the lack of notice in the state court, which she has previously presented in this case and in prior filings. The Court will therefore deny plaintiff's motion for leave to file the sur-reply (Doc. 26); decline to consider the memorandum plaintiff submitted without first obtaining leave of Court (Doc. 24); and deny defendant's motion to strike the memorandum (Doc. 25) as moot.

6

### III. Defendant State Auto's motion to dismiss

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the ground federal subject matter jurisdiction over plaintiff's complaint is lacking under the *Rooker-Feldman* doctrine. Defendant alleges that plaintiff is seeking to reverse decisions issued by the Hamilton County, Ohio courts. Assuming, *arguendo*, that subject matter jurisdiction is not barred under the *Rooker-Feldman* doctrine, defendant contends that the Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Uzielli v. Frank*, 137 F. App'x 795, 798 (6th Cir. 2005) (citing *Moir v. Greater Cleveland Reg'l Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). A Rule 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *FieldTurf USA, Inc. v. Sports Const. Grp., LLC*, 507 F. Supp.2d 801, 803 (N.D. Ohio 2007) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). Facial attacks challenge the sufficiency of the jurisdictional allegations in the complaint, such that those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id.* (citing *Ritchie*, 15 F.3d at 598).

Defendant State Auto's Rule 12(b)(1) challenge constitutes a facial attack on the sufficiency of the jurisdictional allegations of the complaint. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, 506 F. Supp.2d 260, 264-65 (S.D. Ohio 2007) (motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) pursuant to the *Rooker-Feldman* doctrine was a facial attack on the Court's subject matter jurisdiction). The Court will therefore accept the allegations of the complaint as true for purposes of ruling on defendant's motion to dismiss.

7

### *i. The Rooker-Feldman doctrine*

The *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Skyway Inv. Corp. v. Tushman*, 541 F. App'x 536, 538 (6th Cir. 2013) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Subject matter jurisdiction is lacking under the *Rooker-Feldman* doctrine if: (1) the plaintiff is "the losing party in state court," *Id*. (quoting *Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 1297 (2011)); (2) the plaintiff is asking the district court to "'review and reject []' those judgments, which were 'rendered before the district court proceedings commenced,'" *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 284); and (3) the plaintiff's "injuries were 'caused[]' by the state-court judgment at issue." *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). "The pertinent inquiry . . . is whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Id*. (quoting *Kovacic v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

Plaintiff's allegations in the complaint and in response to the motion to dismiss show that she is complaining of injuries caused by a state court judgment rendered against William Poulos, on behalf of whose estate she brings this lawsuit. William Poulos was the losing party in the Hamilton County Court of Common Pleas, the state appellate court, and the Ohio Supreme Court, having lost his claim to recover for fire losses under a State Auto insurance policy. *See*

8

*Skyway Inv. Corp.*, 541 F. App'x at 538 (citing *Skinner*, 562 U.S. 521, 131 S.Ct. at 1297). By bringing this lawsuit against State Auto to recover for William Poulos' alleged fire losses, plaintiff asks the District Court to review and reject the judgments issued by the Ohio courts. *Id.* (citing *Exxon Mobil Corp.*, 544 U.S. at 284). Further, it is clear that the injury plaintiff alleges was "caused" by the state court judgment. *Id.* (citing *Exxon Mobil Corp.*, 544 U.S. at 284). Plaintiff claims that the adverse judgment in the lawsuit William Poulos and Georgia Poulos filed in the Hamilton County Common Pleas Court seeking payment under the State Auto policy for their fire losses is invalid because the Pouloses did not receive notice due to an error by state court personnel. The Pouloses challenged the decision denying coverage under the policy on this ground in the state courts, but their attempts to have the dismissal vacated by the Common Pleas Court or overturned on appeal were unsuccessful. (Doc. 3; Doc. 11-1). It is clear that the source of the injury alleged in this lawsuit is the trial court's adverse judgment in the Pouloses' state court lawsuit seeking to recover for their fire losses under the State Auto policy and the refusal of the Ohio Appellate and Supreme Courts to disturb that adverse judgment on appeal. Judges in this District have reached the same conclusion in the three federal cases previously brought by William Poulos and by plaintiff as his Executrix alleging violations of Poulos' rights to due process and equal access to the courts as a result of the clerical error committed in the Common Pleas Court. *See William Poulos v. Hamilton County Common Pleas Court,* Case No. 1:03-cv-932 (S.D. Ohio, Dlott, J.); *William Poulos v. Hamilton County Common Pleas Court,* Case No. 1:05-cv-333 (S.D. Ohio, Dlott, J.); *Kasidonis v. Hamilton County,* Case No. 1:08-cv-084 (S.D.

9

Ohio, Dlott, J.).[5] Because subject matter jurisdiction over plaintiff's claims is lacking under the *Rooker-Feldman* doctrine, the motion to dismiss should be granted on this ground. The dismissal should be without prejudice. *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (a dismissal for lack of subject matter jurisdiction should normally be without prejudice since the Court lacks power to reach the merits of the case) (citing *Ernst v. Rising,* 427 F.3d 351, 366 (6th Cir. 2005)).

### ii. *Title 28 U.S.C. §§ 1331 and 1343(a)(3)*

Defendant contends that assuming, *arguendo*, jurisdiction is not barred under the *Rooker-Feldman* doctrine, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). (Doc. 11). Section 1331 vests the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1343(a)(3) gives the district court original jurisdiction of a civil action to redress the deprivation by a defendant, acting under color of State law, of "any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]" 28 U.S.C. § 1343(a)(3). Section 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983. *See Lynch v. Household Fin. Corp.*, 405 U.S. 538, 540 (1972). Section 1983 establishes a cause of action for deprivations of rights by a defendant acting under color of state law. 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or

---

[5] As in the present case, plaintiff also raised claims that the state courts selectively enforced the law with respect to William and Georgia Poulos and that they were discriminated against because of disabilities. *Compare* Doc. 3 at 10 (alleging William Poulos was "a disabled veteran" and Georgia Poulos was "a disabled woman with emphysema [who] required oxygen condensers to breath (sic)" and they were "discriminated against as they were not paid for their losses"), *with Kasidonis v. Hamilton County*, Case No. 1:08-cv-00084, Doc. 1 at 5 (the defendants selectively enforced the law in the Pouloses' state court proceedings by sending mailings to defendants' representatives and not to the Pouloses' representative and by discriminating against William Poulos, a disabled veteran).

laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). There is no constitutional right to be free from harm inflicted by private actors. *Krukemyer v. Forcum,* 475 F. App'x 563, 566 (6th Cir. 2012). Private actors can only be held liable under § 1983 if their "actions so approximate state action that they may be fairly attributed to the State." *Riester v. Riverside Cmty. Sch.,* 257 F. Supp.2d 968, 971 (S.D. Ohio 2002) (quoting *Lansing v. City of Memphis,* 202 F.3d 821, 828 (6th Cir. 2000)).

Plaintiff has not carried her burden to show that the Court has subject matter jurisdiction over her claims brought pursuant to §§ 1331 and 1343(a)(3). Plaintiff vaguely alleges in the complaint that "Williams and Georgia Poulos were discriminated against as they were not paid for their losses." (Doc. 3 at 10). Plaintiff further questions whether a conspiracy claim is warranted. (*Id.*). However, plaintiff makes no factual allegations to support a discrimination or conspiracy claim under a federal statute or constitutional provision. Nor has plaintiff made any allegations to show that defendant State Auto was acting under color of state law when deciding entitlement to payment under its insurance policies. Plaintiff's claims brought under 28 U.S.C. §§ 1331 and 1343(a)(3) should therefore be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion and Memorandum to Respond to Defendant State Auto Insurance's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Jurisdiction" (Doc. 26) is **DENIED**.

2. Defendant's motion to strike plaintiff's response to defendant's reply in support of the motion to dismiss (Doc. 25) is **DENIED** as moot.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Doc. 11) be **GRANTED** and the complaint be **DISMISSED** without prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/31/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE KASIDONIS,
Plaintiff,

Case No. 1:15-cv-285
Barrett, J.
Litkovitz, M.J.

vs.

STATE AUTO INSURANCE AGENCY,
Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).