UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Catherine Poulos Kasidonis,

       Plaintiff,

       v.

State Auto Insurance Agency,

       Defendant.

Case No.: 1:15-cv-285

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's March 31, 2016 Order and Report and Recommendation ("R&R") recommending that Defendant's Motion to Dismiss (Doc. 11) be granted; and the Complaint be dismissed without prejudice. (Doc. 30).[1]

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&Rs (Doc. 31), to which Defendant responded (Doc. 33). Plaintiff filed a response to Defendant's response (Doc. 34), to which Defendant responded (Doc. 35). For the reasons stated below, the Court OVERRULES Plaintiff's Objections, and the Magistrate Judge's R&R is ADOPTED in its entirety.

---

[1] The Magistrate Judge also ordered that Plaintiff's Motion and Memorandum to Respond to Defendant State Auto Insurance Reply (Doc. 26) is denied; and Defendant's Motion to Strike Plaintiff's Response to Defendant's Reply in Support of the Motion to Dismiss (Doc. 25) is denied as moot. However, no objections have been filed to the Magistrate Judge's ruling on these motions.

## I. BACKGROUND

The factual and procedural history of this case is described in the Magistrate's R&R, and the same will not be repeated except to the extent necessary to address Plaintiff's objections.

Plaintiff, as executrix of the Estate of William Peter Basileios Theofano Poulos, brings claims *pro se* for fire losses under a property insurance policy issued by Defendant State Auto Insurance. Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction.

The Magistrate Judge concluded that this Court lacks subject matter over Plaintiff's claims based on the *Rooker-Feldman* doctrine. In the alternative, the Magistrate Judge concluded that this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

## II. ANALYSIS

### A. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Motion to Dismiss

"Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) 'come in two varieties: a facial attack or a factual attack.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (quoting *Gentek Bldg. Prod., Inc. v. Sherwin–Williams C*o., 491 F.3d 320, 330 (6th Cir. 2007)). As the Magistrate Judge explained, Defendant has raised a facial attack. A facial attack challenges the sufficiency of the pleading and goes to whether or not the plaintiff laid a sufficient basis for subject matter jurisdiction. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). All of the allegations in a facial analysis must be taken as true, like that of a 12(b)(6) motion. *Carrier*, 673 F.3d at 440; *see also Lovely v. United States*, 570 F.3d 778, 781 (6th Cir. 2009), *cert. denied*, 558 U.S. 1111 (2010). "Plaintiff bears the burden of establishing that subject matter jurisdiction exists." *Cartwright*, 751 F.3d at 760.

### C. *Rooker-Feldman*

The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

As the Magistrate Judge explained, Plaintiff is complaining of injuries caused by a state court judgment. In her objections, Plaintiff does not make any arguments to the contrary. Instead, Plaintiff reiterates that her claims are based on the dismissal of claims brought by Poulos and his wife, Georgia Poulos, in the Hamilton County Court of

3

Common Pleas. Plaintiff explains that the state court claims were dismissed because Plaintiff's attorney of record did not respond to the court.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's March 31, 2016 Report and Recommendation ("R&R") that Defendant's Motion to Dismiss be granted (Doc. 30) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 11) is GRANTED;

2. Plaintiff's Complaint is DISMISSED without prejudice;

3. Pursuant to 28 U.S.C. § 1915(a), this Court certifies that an appeal of this Order adopting the R&R would not be taken in good faith and Plaintiff is DENIED leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals; and

4. This matter is CLOSED and TERMINATED from the active docket of this Court.

**IT IS SO ORDERED.**

             */s/ Michael R. Barrett*
             JUDGE MICHAEL R. BARRETT

4